FILED

07 MAY -1  AM 8:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

07cw1300-BTM-Diem

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CESAR TALAMANTES-CISNEROS,<br><br>Defendant. | Criminal Case No. 07MJ0850<br>07cr1444-BTM<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on April 24, 2007 to determine whether Cesar Talamantes-Cisneros ("the Defendant") should be held in custody pending trial, on the grounds that he is a risk of flight. Assistant United States Attorney Joseph J.M. Orabona appeared on behalf of the United States. Attorney Heather Rogers appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. As such, the Court orders that the Defendant be detained pending trial.

//

//

//

## I.

## FINDINGS OF FACT

**A.  Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. The Defendant is charged in Criminal Complaint No. 07MJ0850 with the importation of approximately 9.70 kg of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

2. If convicted of this charge, the Defendant faces a mandatory minimum sentence of ten years and a maximum sentence of life in prison pursuant to 21 U.S.C. § 960(b)(1)(B).

3. Because a maximum term of imprisonment of ten years or more for this offense is prescribed in 21 U.S.C. § 960(b)(1)(B), a presumption arises, as set forth in 18 U.S.C. § 3142(e), that no condition or combination of conditions will reasonably assure the appearance of the Defendant.

**B.  Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1. On April 18, 2007, the Defendant, as the sole occupant, driver, and registered owner of a Nissan Sentra, entered the San Ysidro Port of Entry.

2. The primary officer made a visual identification of a non-factory compartment in the dashboard of the vehicle and a narcotics detection dog alerted to the presence of a narcotic odor emitting from the dashboard of the vehicle.

3. The vehicle was referred to secondary inspection where an X-ray and further inspection of the vehicle revealed 8 packages containing approximately 9.70 kg of cocaine in a non-factory compartment in the dashboard.

3. While admittedly the least important factor, the Court finds probable cause exists that Defendant committed the instant offense.

**C.  History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1. The Defendant was born in Mexico and is a citizen of Mexico. His mother, father, four siblings, wife and three children are also citizens and residents of Mexico. The Defendant has no known family in the United States.

2. The Defendant has resided in Tijuana, Mexico for the past 15 years, and has no

1 | known address in the United States.
2 |     3. The Defendant has been selling cars in Mexico for the past year, and has no known
3 | employment history in the United States.
4 |     4. The Defendant has no ties to the community, except for a border crossing card.
5 |     5. The Defendant has no financial resources available in the United States.

## II.

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 07MJ0850; namely, importation of a cocaine, a Schedule II Controlled Substance, in violation of 18 U.S.C. §§ 952 and 960.

B. The Court finds that the Defendant was unable to rebut the presumption, as set forth in 18 U.S.C. § 3142(e), that there is no condition or combination of conditions that the Court could set that will reasonably assure the appearance of the Defendant as required.

B. The Court finds, by a preponderance of evidence, that the United States has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

## III.

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court

//

1 | proceeding or any other appearance stipulated to by defense and government counsel.
2 | THIS ORDER IS ENTERED WITHOUT PREJUDICE.
3 | IT IS SO ORDERED.
4 |
5 |
6 | DATED: 4/27/07
7 | HONORABLE LOUISA S. PORTER
  | United States Magistrate Judge
8 |
9 | Prepared by:
10 |
11 | /s/ Joseph J.M. Orabona
   | JOSEPH J.M. ORABONA
   | Assistant United States Attorney
12 |
13 | cc: Heather Rogers, Esq.